1  JEFFREY S. KRAVITZ, CA SBN 66481
2  jkravitz@foxrothschild.com
   STACI RIORDAN, CA SBN 232659
3  sriordan@foxrothschild.com
   FOX ROTHSCHILD LLP
4  1800 Century Park East, Suite 300
5  Los Angeles, California 90067-3005
   Tel: 310.598.4150
6  Fax: 310.556.9828
7
8  Attorneys for Defendant
   ZENON KESIK
9

10           UNITED STATES DISTRICT COURT
11           CENTRAL DISTRICT OF CALIFORNIA
12

13  KEN DUKE,                          CASE NO.
14                                     CV09-8294 DDP (JCx)
            Plaintiff
15                                     DEFENDANT ZENON KESIK'S
                                       NOTICE OF REMOVAL OF
16       vs.                           ACTION UNDER 28 U.S.C. §
                                       1441(b) (FEDERAL QUESTION);
17  ZENON KESIK, and Does 1 to 10s     DECLARATION OF STACI
18  inclusive,                         RIORDAN IN SUPPORT THEREOF
19          Defendants
20
21
22
23
24
25
26
27
28

                              1
                      NOTICE OF REMOVAL
LA1 30325v1 11/12/09

FILED
2009 NOV 12  PM 4: 16

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

    **PLEASE TAKE NOTICE** that Defendant ZENON KESIK ("KESIK") hereby files this notice removing to this Court the state court action described below, based on the Court's removal jurisdiction under 28 U.S.C. Section 1331, which in turn is based on the Court's federal question jurisdiction under 28 U.S.C. Section 1441(b).

## I.    PLEADINGS AND PROCEEDINGS TO DATE

    On or about November 2, 2009, Plaintiff Ken Duke ("Plaintiff") commenced an in *pro per* action in the Superior Court of California in and for the County of Los Angeles, entitled *Ken Duke v. Zenon Kesik, and Does 1 to 10s inclusive,* as Case No. BC425149 ("State Action").  KESIK first received a copy of the Complaint on November 4, 2009 when it was served at his residence via substitute service.  Also served was a Notice of Case Assignment-Unlimited Civil Case and an ADR Information Package.  (Declaration of Staci Riordan ("Riordan Decl."), ¶ 3, Exhibit ("Ex") A).  Exhibit A comprises all process, pleadings and orders served and filed in the State Action. *Id.*

    In his Complaint, Plaintiff seeks damages and injunctive relief for, among other things, copyright infringement of his purported screenplay/script entitled "The Last Score" which is protected under the Copyright Act of 1976, title 17 U.S.C. § 101 et seq. (Complaint at paras. 160-171.)  Upon information and belief, Plaintiff has applied for a copyright registration from the United States Copyright Office for

the Last Score.   (Riordan Decl., ¶¶ 5-8, Exs. B – D..)

Additionally, Defendant is the owner of the screenplay/script entitled, "Decisions," and has applied for a copyright registration from the Untied States Copyright Office for that work.  (Riordan Decl. ¶ 9.)  Plaintiff claims that Defendant used his intellectual property in creating Decisions and such use was unauthorized. (Complaint at paras 12-15 & 160-171.)  Defendant wishes to complete production on that project and will file a cross-complaint, if necessary, for a determination that he is the sole copyright holder in Decisions.  (Riordan Decl. ¶ 9.)

## II.   TIMELINESS

This Notice of Removal is timely in that it has been filed and served within 30 days of the date the Summons and Complaint was received by Defense counsel. *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (defendant's period for removal will be no less than 30 days from service).

## III.   SUBJECT MATTER JURISDICTION

This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441(b) on the ground that it arises under 28 U.S.C. § 1338.

### A.   Federal Law Governs Copyrighted Works

Under 28 U.S.C. § 1338, federal courts have exclusive jurisdiction over copyrighted claims.  "Congress has clearly indicated that state-law claims which

come within the subject matter of copyright law and which protect rights equivalent to any of the exclusive rights within the scope of federal copyright law . . . should be litigated only as federal copyright claims." *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 232 (4th Cir. 1993); see also, 28 U.S.C. § 1338 (federal courts have exclusive jurisdiction over copyright claims).

Because Plaintiff is claiming statutory damages pursuant to 17 U.S.C § 504(c)(2) for Defendant's alleged violations of his copyright rights in the Last Score, Plaintiff's claims are pre-empted by federal law and this Court's jurisdiction is therefore proper.  (Riordan Decl. ¶ 6.)

**B.     This Court has Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims**

Plaintiff's state law claims arise out of and are predicated on his copyright infringement claims.  This Court, therefore, has supplemental jurisdiction over them. The Copyright Act of 1976 (17 U.S.C. § 101, et seq.) describes in § 301 the extent to which the Act preempts state law causes of action based on copyright.  Under Section 301, all rights granted under state law are preempted if they (1) come within the "subject matter of copyright" as defined in Sections 102 and 103 and (2) are "equivalent" to any of the exclusive rights within the general scope of copyright as defined in Section 106 of the Act.  *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987) (citations omitted).  Thus, to survive preemption, the essence of a state law cause of action must derive from something

4

NOTICE OF REMOVAL

beyond the alleged unauthorized use of a copyrighted work, and must protect rights qualitatively different from the assertion of copyright rights.  *Id*. at 977; *Motown Record Corp. v. George A. Hormel & Co.*, 657 F.Supp. 1236, 1240 (C.D. Cal. 1987).

Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. See *Franchise Tax Board, supra*, at 24 ("If a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").  *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987) (quoting *Metropolitan Life*, 481 U.S. at 65).

Here, Plaintiff's first, second, third and fourth causes of action for injunctive relief, breach of contract, declaratory judgment, and money owed are all based on an alleged contract between Plaintiff and Defendant.  The alleged contract is for the production of motion pictures.  Motion pictures and screenplays (like the one at issue here) are considered intellectual property, which inherently falls under the purview of the copyright act.  17 U.S.C. §§ 102 & 103.  Plaintiff claims that Defendant has "changed altered and/or modified Plaintiff's intellectual property," in breach of the parties agreement.  (Complaint at para. 110.)  Defendant denies this claim.  Judicial determination as to ownership of the copyrights at issue will necessarily determine whether or not a breach of contract has occurred.

5

LA1 30325v1 11/12/09

This Court, therefore, has supplemental jurisdiction over Plaintiff's claims for injunctive relief, breach of contract, declaration judgment, and money owed.

**B.    Fictitious Defendants**

KESIK believes and on that basis alleges that none of the fictitiously-named defendants (Does 1 – 10) have been identified by Plaintiff or served with the Summons and Complaint.  28 USC § 1441(a); *Newcombe v. Adolf Coors Company*, 157 F.3d 686, 690-691 (9th Cir. 1998).  Where the Court has "no information as to who they are or where they live or their relationship to the action," it is proper to disregard Doe defendants upon removal.  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[U]nknown defendants sued as 'Does' need not be joined in a removal petition.").  Based on the foregoing, complete diversity exists between Plaintiff and Defendant.

**IV.    VENUE**

This action is currently pending in the Superior Court of California in the County of Los Angeles and, therefore, venue in this Court is proper pursuant to 28 U.S.C. § 84(c) and 28 U.S.C. § 1391(a).

**V.    NOTIFICATIONS**

As required by 28 U.S.C. § 1446(d), KESIK will provide prompt written notice to Plaintiff, by counsel, of removal of this action to federal court.  As required

LA1 30325v1 11/12/09

by 28 U.S.C. § 1446(d), KESIK will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, Defendant KESIK hereby removes this action from the State Court to the United States District Court for the Central District of California.

Dated: November 12, 2009

FOX ROTHSCHILD LLP

By _____

JEFFREY S. KRAVITZ
STACI RIORDAN
Attorneys for Defendant
ZENON KESIK

LA1 30325v1 11/12/09

# DECLARATION OF STACI RIORDAN

I, **Staci J. Riordan**, declare as follows:

1.      I am an attorney duly licensed in the state of California and the Central District of California.  I am an associate of Fox Rothschild, LLP, attorneys of record for Defendant Zenon Kesik.

2.      I submit this declaration in support of Defendant's Notice of Removal of Action Under 28 U.S.C. § 1441(b).  I have personal knowledge of the facts following facts, and can competently testify thereto if called upon to do so.

3.      On or about November 2, 2009, Plaintiff Ken Duke ("Plaintiff") commenced an in *pro per* action in the Superior Court of California in and for the County of Los Angeles, entitled *Ken Duke v. Zenon Kesik, and Does 1 to 10s inclusive,* as Case No. BC425149 ("State Action").  KESIK first received a copy of the Complaint on November 4, 2009 when it was served at his residence via substitute service.  Also served was a Notice of Case Assignment-Unlimited Civil Case and an ADR Information Package.  A true and correct copy of the Complaint, Summons, Notice of Case Assignment-Unlimited Civil Case and an ADR Information Package is attached hereto as Exhibit A.

4.      The within action is based on alleged infringements of Plaintiff's copyrighted work, "The Last Score."

5.      Defendant is informed and believes and thereupon alleges that Plaintiff has registered The Last Score with the U.S. Copyright Office.

8

LA1 30325v1 11/12/09

6.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff's November 2, 2009 letter in which he refers Defendant to the ownership of his copyrighted work and warns Defendant that he will seek statutory damages under 17 U.S.C. § 504(c)(2) for alleged violation of his copyright.

7.      Plaintiff himself admits that his claims arise under Federal Copyright Law.  Attached hereto as Exhibit C is a true and correct copy of Plaintiff's November 7, 2009 letter.

8.      Attached hereto as Exhibit D is a copy of Plaintiff's November 11, 2009 letter in which he advises that he has filed and registered the screenplay/script upon with this action is based with the U.S. Copyright Office.

9.      Defendant is the owner of the screenplay/script entitled, "Decisions," and has applied for a copyright registration from the Untied States Copyright Office for that work.  Defendant wishes to complete production on that project and will file a cross-complaint, if necessary, for a determination that he is the sole copyright holder in Decisions.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Executed this _12th_ day of November 2009 in Los Angeles, California.

_____
STACI RIORDAN

NOTICE OF REMOVAL

LA1 30325v1 11/12/09

# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZENON KESIK, and
DOES 1 Through 10s INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEN DUKE

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

NOV 12 2009

_____ Officer/Clerk
_____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es)* | CASE NUMBER: *(Número del Caso)* |
|---|---|
| Stanley Mosk Courthouse - West District 110 North Grand Ave Los Angeles CA 90012 | BC425149 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KEN DUKE
1342 N. Highland Ave #1
Hollywood, CA 90028

| DATE: *(Fecha)* | Clerk, by *(Secretario)* AMBER LEE-EUR-CLAYTON | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Zenon Kesik

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1 | Ken Duke
2 | 1342 North Highland Avenue, Apt # 1
Hollywood, California 90028
Tel. 323-632-2047
3 | Plaintiff, *in propria persona*

CONFORMED
OF ORIGINAL FILED
Los Angeles

NOV    2009

John A. Clarke
By

4

5

6

7

8 |       IN THE SUPERIOR COURT, STATE OF CALIFORNIA

9 |       IN AND FOR LOS ANGELES COUNTY, CENTRAL DISTRICT

10 | KEN DUKE,                          ) Case No:
11 |              Plaintiff,            ) **COMPLAINT** BC 4 2 5 1 4 9
12 | v.                                 ) 1. INJUNCTIVE RELIEF
    |                                    ) 2. BREACH OF CONTRACT
13 | ZENON KESIK, and                   ) 3. DECLARATORY JUDGMENT
    | DOES 1 through 10s inclusive,      ) 4. MONEY OWED
14 |                                    ) 5. COMMON LAW COPYRIGHT
    |              Defendants.           )    INFRINGEMENT
15 |                                    ) 6. JURY TRIAL RESERVED
16 |                                    )
17 |                                    ) **Amount demanded exceeds $25,000**
18 |                                    ) **UNLIMITED JURISDICTION**
19 |                                    )
20 | _____ )

21 |         COMES NOW, Plaintiff, Ken Duke, and for cases of action against Defendants, and each

22 | of them, pursuant to California Civil Code §§ 3300 *et seq.* §§ 3366, and any other statute and/or

23 | common law that applies herein.  Plaintiff is seeking permanent injunction, damages for breach

24 | of oral and written contract, declaratory judgment, money owed, damaged under common law

25 | copyright infringement, and other relief, that the court may deem just and proper, based on

26 | Defendants' actions in connection with the allegations contained herein and herewith.

27 |         ///

28 |         ///

Plaintiff alleges as follows:

## VENUE AND JURISDICTION

1.      Venue is proper pursuant to Code of Civil Procedure §§ 395(a) & (b), as the causes of actions mentioned herein arose within the County of Los Angeles and in the City of Hollywood, and/or one or more of the parties to this action resides within the County of Los Angeles.

2.      Jurisdiction is proper, as the Complaint seeks permanent injunctive relief not permitted in Civil Limited division of the Superior Court.  Code of Civil Procedure § 86(a)(8) states that:

> "Actions to issue temporary restraining orders and preliminary injunctions, and to take accounts, where necessary to preserve the property or rights of any party to a limited civil case; to make any order or perform any act, pursuant to Title 9 (commencing with Section 680.010) of Part 2 (enforcement of judgments) in a limited civil case; to appoint a receiver pursuant to Section 564 in a limited civil case; to determine title to personal property seized in a limited civil case." *See also* 6 Witkin Cal. Proc. Prov Rem § 278.

3.      Further, "The superior court has equity jurisdiction to issue permanent injunctions. (Cal. Const., art. VI, § 10 ["Superior courts have original jurisdiction in all other causes except those given by statute to other trial courts."]; Code Civ. Proc., § 86, subd. (a)(8) [giving municipal courts jurisdiction to issue only temporary restraining orders and preliminary injunctions].)  *See* <u>Oakland Raiders v. National Football League</u>, 69 Cal. App. 4th 697, 81 Cal. Rptr. 2d 773, 1999 Cal. App. LEXIS 65, 99 Cal. Daily Op. Service 837, 99 D.A.R. 989 (Cal. App. 6th Dist. 1999.

4.      Jurisdiction is also proper, as the amount demanded herein exceeds Twenty-Five Thousand (25,000.00) Dollars.

5.      Plaintiff has made several reasonable attempts to try to resolve this matter with Defendant prior to filing this suit however, to no avail.

6.      It has now been more than thirty (30) days since Plaintiff's last attempt to resolve the matter subject to these causes of action.

7.      It has been less than four (4) years since the written contract was executed and thus the claim for breach of written Contract is within the statute of limitations.

8.      It has been less than two (2) years since the verbal contract was executed and thus the claim for breach of verbal contract is within the statute of limitations.

## PARTIES

9.      That Plaintiff is now and was at all times mentioned a natural person over the age of Eighteen (18) and a Citizen of United States with his domicile located in City of Hollywood, in the County of Los Angele, and thus has the capacity and standing to sue on the claim herein.

10.     Plaintiff is a producer, writer and filmmaker. Plaintiff is not an attorney.

11.     That one of the Defendants, Zenon Kesik is and was at all times mentioned a resident of Los Angeles County with his principal location at 3095 San Francisco Avenue, Long Beach CA 90806 (hereinafter "Defendant").

12.     Defendant is a commercial and personal real estate owner and as such invests in a variety of businesses from time to time.

13.     Defendant is also a Certified Public Accountant that specializes in budgets, money management, balance sheets, ledgers, and/or otherwise has superior knowledge outweighing the average person when it comes to finances, all of which is germane to the underlying claim.

14.     That the true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by fictitious names.

15.     Plaintiff is informed and believes, and thereon alleges, that each Defendant sued herein as DOE is in some way legally responsible for the acts alleged herein, and that Plaintiff will seek leave to amend this Complaint when the same has been ascertained.

## INTRODUCTION

16.     This action involves several breaches of written and oral contracts by Defendant and unauthorized usage of Plaintiff's intellectual property, which he is the sole owner of. Plaintiff and Defendant entered into a Contract that Defendant would finance and invest in

1  Plaintiff's feature film screenplay entitled "The Last Score" (Hereinafter "Picture").   After

2  completion of principal photography and about one month into postproduction, the Defendant

3  became increasingly difficult to work with and began to breach his obligations under the

4  Contract.  Despite numerous attempts by Plaintiff to resolve the differences, Defendant has been

5  unwilling to resolve the same.  For over one year the Picture has been in limbo notwithstanding

6  promise after promise that Defendant would provide the necessary funds to complete the Picture,

7  as agreed upon.

8       17.    Prior to this Complaint being filed, Plaintiff received a telephone call and a

9  written e-mail from Defendant claiming that Plaintiff is terminated from any involvement with

10  the Picture, despite there being no right under any agreement or otherwise right for Defendant to

11  terminate Plaintiff under any circumstances.  Plaintiff has since ascertained that Defendant

12  knowingly and willingly has continued to work on the Picture without Plaintiff's involvement

13  and permission and Plaintiff is informed and believes that Defendant has made, or intends to

14  make, an agreement with one or more distribution company in an effort to sell, assign, transfer

15  and/or distribute Plaintiff's intellectual property without Plaintiff's permission, involvement

16  and/or just compensation.  All of the willful actions by Defendant are in breach of a written

17  Contract and Plaintiff will be irreparable harmed if Defendant is not enjoined from pursuing and

18  continuing to use Plaintiff's intellectual property without permission.

19  ## STATEMENT OF FACTS

20       18.    Plaintiff entered into a written contract with Defendant on or about February 24,

21  2007 (hereinafter "Contract").   A copy of the Contract is attached hereto and herewith and made

22  part of this by reference.

23       19.    The Contract sets forth the terms of the relationship and/or obligations between

24  Plaintiff and Defendant.

25       20.    Pursuant to  ¶ 1 of the Contract, there was to be a "Worldwide production

26  agreement for the sole purpose of ten (10) Motion Pictures," including the Picture subject to

27  these causes of action, which Plaintiff wrote and created and is the owner and author of.

28

21.     Pursuant to ¶ 2 of the Contract, Defendant's "[d]uties shall include all financing for each of the [p]ictures," including the Picture subject to these causes of action.

22.     Pursuant to ¶ 3 of the Contract, Plaintiff's "[d]uties shall include all aspects of pre-production, production, post-production, including, but not limited to hiring talent, crew, producers, and any other creative and/or technical persons involved with each of the pictures," including the Picture subject to these causes of action.

23.     Pursuant to ¶ 4 of the Contract, Plaintiff "shall be responsible for all pay outs to any talent, crew, producers and other creative and technical persons involved with any of the [p]ictures," including the Picture subject to these causes of action.

24.     Pursuant to ¶ 5 of the Contract, Plaintiff "shall be responsible for delivering each of the [p]ictures within the time schedule as both parties agree to," including the Picture subject to these causes of action.

25.     Pursuant to ¶ 6 of the Contract, Plaintiff "shall retain all creative control over each of the [p]ictures," including the Picture, which is subject to these causes of action.

26.     Pursuant to ¶ 7 of the Contract, each picture's "budget shall be agreed upon by both parties, however, such budget shall not be less than One Hundred Thousand ($100,000.00) U.S. Dollars, all of which [Defendant] shall recoup from any sale and/or licensing agreement by any major distribution and/or motion picture company."

27.     Pursuant to ¶ 8 of the Contract, that "if any major distribution and/or sale is made for any of the [p]ictures by both parties any compensation received therefrom shall be distributed to [Defendant and Plaintiff] as follows." Defendant "shall be entitled to first fully recoup any initial investment and financing that he provided for such Picture." Any additional money after Defendant recoups the initial investment shall be distributed to Plaintiff and Defendant at a forty percent share to Plaintiff and a sixty percent share to Defendant.

28.     Pursuant to ¶ 9 of the Contract, "no other obligations shall be binding upon either party" except in "any subsequent amendment attached."

29.   Pursuant to ¶ 10 of the Contract, "an addendum should to be drawn and attached for each of the [p]ictures, naming such [p]icture, stating the specified budget and timeline for final delivery of such [p]icture."

30.   Pursuant to ¶ 11 of the Contract, terms "can be modified only by agreement by both parties."

31.   Pursuant to ¶ 12 of the Contract, "each party can terminate the agreement if any material terms are breached."

32.   Pursuant to ¶ 13 of the Contract, California Law governs the Contract and any dispute arising therefrom shall be litigated therein.

33.   Pursuant to the Contract's Addendum, dated February 24, 2007, "t]he current budget as described in the Heads of Agreement is one hundred and two thousand ($102,000.00) US Dollars," and the time of the "final digital of digital media for of this Picture shall be on or before September 1, 2007, or as mutually agreed upon."

34.   The Contract does not provide for attorney fees.

35.   The first Picture was to commence preproduction on or about February 24, 2007.

36.   On or about March 1, 2007, Plaintiff began the casting of the Picture and hiring crew, including a co-producer to facilitate day-to-day operations during the production for the Picture.

37.   On or about April 25, 2007, Plaintiff completed rehearsals with the talent cast for the Picture.

38.   On or about May 1, 2007, Plaintiff began principal photography for the Picture, which completed with additional reshoots on or about July 22, 2007.

39.   During principal photography Plaintiff provided equipment for the filming, which included the camera and other important equipment to assist in shooting the Picture.

40.   According to Defendant, Plaintiff received a sum of twenty-nine thousand six hundred and three ($29,603.88) dollars and eight-eight cents from Defendant for payouts and expenses pursuant to ¶ 4 of the Contract.

41. Plaintiff allocated said sum from Defendant for all necessary expenses, including paying persons working on the Picture, casting locations, film locations, permits, or any other necessary expense to produce the Picture.

42. In addition to the sum of twenty-nine thousand six hundred and three ($29,603.88) dollars and eight-eight cents from Defendant, Plaintiff advanced his own money to finance expenses, which were never reimbursed by Defendant in violation of ¶ 2 of the Contract.

43. Plaintiff's records show a sum of eight thousand five hundred and eighty ($8580.55) dollars and fifty-five cents that Defendant has failed, refused and/or neglected to reimburse Plaintiff pursuant to ¶ 2 of the Contract.

44. The only money Plaintiff received from Defendant was money to help pay part of Plaintiff's rent, since Plaintiff was not in the position to commit eight (8) months or more of work on the Picture without any earnings.

45. Defendant agreed to pay Plaintiff two thousand ($2000.00) each month during the making of the Picture to assist in paying Plaintiff's rent, which was two thousand five hundred ($2500.00) per month.

45. Plaintiff used his own savings for his living and expenses during the eight (8) months or more making the Picture.

46. Plaintiff did not receive any compensation whatsoever for producing, writing, or directing the picture, or any other compensation that transferred, expressly or otherwise any of Plaintiff's intellectual property and/or creative works to Defendant, or any compensation that would be construed as the same.

47. Due to the increasing amount of responsibilities as a writer, producer and director Plaintiff waived his obligations in ¶ 4 of the Contract with mutual consent from Defendant.

48. On or about two (2) weeks into principal photography Defendant took over Plaintiff's obligations under ¶ 4 of the Contract, including approving and making all payouts and/or any negotiations for locations, props, necessary equipment, which included coming to the set and writing out checks and negotiate agreements with crew and other persons assisting in the production of the Picture.

49.     None of Defendant's responsibilities permitted by Plaintiff pursuant to ¶ 4 of the Contract involved any creative decisions with respect to the Picture.

50.     None of Defendant's responsibilities permitted by Plaintiff pursuant to ¶ 4 of the Contract involved hiring creative persons, including any cast member for the Picture.

51.     Defendant remained on set of the Picture for majority of the remaining shooting days and informed Plaintiff numerous times that he was satisfied with the way the shoot was going.

52.     During the production of the Picture Defendant agreed and approved each and every aspect of the budget and/or additional expense, including, but not limited to all reshoots and/or additional scenes added.

53.     On or about June 20, 2007, Plaintiff began to edit the initial stages of the Picture with an assistant editor.

54.     The initial delivery date for the digital media viewing was scheduled for September 1, 2007, however, due to delays and production problems during production, additional shooting days, this date was delayed by mutual agreement by Plaintiff and Defendant.

55.     Beginning and during the time of all production of the Picture, Plaintiff and Defendant kept a great relationship.  In fact, Defendant continued to praise Plaintiff for the dailies shown and work being delivered.

56.     On or about September 16, 2007, the relationship between Plaintiff and Defendant began to deteriorate.

57.     First, Defendant reneged on his promise and obligation to finance all monies allocated for the post-production budget to complete the Picture, including the musical score planned, making it impossible to complete the Picture in a satisfactory manner.

58.     Second, Defendant severed any reasonable communication with Plaintiff, and each attempt by Plaintiff to resolve any issue was met by hostility and irrational outbursts by Defendant, which included hanging up in the middle of a conversation; walking away in the middle of a conversation; yelling and cursing at Plaintiff.

59.   Third, Defendant informed Plaintiff that he was going to "teach him a lesson" by making it next to impossible to complete the Picture, which in fact only served as self-sabotage in completing the Picture, which ultimately adversely affected and continues to affect all parties involved.

60.   Defendant requested a copy of the hard drive with the viewable edited version of the Picture, which Plaintiff delivered to Defendant.

61.   Defendant stopped communicating with Plaintiff for unknown reasons and the few conversations that took place became unbearable for Plaintiff, despite efforts to keep the relationship amicable.

62.   As a result of Defendant reneging on his promise and obligation to finance all monies necessary for the post-production budget, Plaintiff had to deliver a Picture that required additional work, and that excluded all necessary sound mixing, sound design, musical score, editing, motion graphics, and other necessary elements that would complete Plaintiff's vision for a desirable Picture ready for film festivals and/or distribution screenings.

63.   Notwithstanding Plaintiff's difficulty with Defendant, final credits were added on or about November 20, 2007, and delivered to Defendant.

64.   On or about February 10, 2008, after several months of Defendant severing and/or making communications with Plaintiff extremely difficult, Plaintiff reached out once again to Defendant to resolve any outstanding issues and in hopes of completing any necessary work that would make the Picture ready for film festivals and/or commercial distribution screenings.

65.   As a result of the conversation in ¶ 64 herein and above, Plaintiff submitted a quote to Defendant for the discussed necessary budget for Defendant's approval.

66.   Plaintiff's quote consisted of one thousand two hundred and fifty ($1250.00) dollars per week, and a maximum budget of fifteen ($15,000.00) thousand dollars over a period of three (3) months, which would cover all necessary expenses to make the Picture ready for film festivals and/or commercial distribution screenings.

67.   After a few weeks of deciding on Plaintiff's quote, Defendant approved it and Plaintiff began work on the improvements of the Picture on or about February 25, 2008.

68.     Defendant paid Plaintiff of one thousand two hundred ($1200.00) for the first week of work on or about March 4, 2008.

69.     Plaintiff continued an additional ten (10) days of work, but after several attempts to receive the agreed upon payment, for the expenses Defendant failed, refused and/or neglected to pay the same.

70.     Defendant for unknown reasons discontinued communication with Plaintiff.

71.     During March or 2008 and February of 2009 Plaintiff contacted Defendant several times in an attempt to resolve any issue and to complete the improvements for the Picture, so that it may be ready for any film festival and/or distribution screening.

72.     During each conversation, which Plaintiff tried to remain cordial throughout this latter tumultuous relationship, Defendant informed Plaintiff that due to the economic crash in August of 2008, Defendant was unable to furnish any remaining financing for the Picture until things got better.

73.     On or about February 5, 2009, Defendant again informed Plaintiff that any remaining financing would have to be postponed due to unexpected medical expenses.

74.     Plaintiff did not hear from Defendant until September 15, 2009, when Plaintiff received a telephone call from Defendant informing Plaintiff "he was fired from The Last Score," the Picture subject to these causes of action.

75.     Plaintiff attempted to resolve the issue and inquired about Defendant's reasoning, but Defendant hung up the phone.

76.     Plaintiff telephoned Defendant twice afterwards in attempts to resolve the issue, but again was met with hostility, meritless threats and hang-ups.

77.     On or about September 15, 2009, Plaintiff wrote Defendant a letter again trying to resolve any issue amicably, which included a request for the name(s) of Defendant's attorney.

78.     On or about September 18, Plaintiff received an e-mail from Defendant detailing his reasons for the "firing," Plaintiff, which included a) the Picture being over budget, b) breach of final delivery of Picture on September 1, 2007, c) irregularities of accounting by Plaintiff during preproduction, d) that adequate payment to Plaintiff was made during production, e) 50-

60% of footage was shot twice and that Plaintiff did not provide a story board and/or shot list, f) that Plaintiff acted as a premadonna and fired crew without replacing them, g) the film will never be sold, and h) Plaintiff lied to Defendant that he was the best and fastest editor.

79.      Notwithstanding Defendant not having any right to terminate Plaintiff, each and every single reason Defendant listed in his e-mail described in ¶ 78 herein and above is not based in any fact and is wholly without merit for the following reasons:

a)      There was a minimum amount of one hundred thousand ($100,000.00) dollars Further, budget was set mutually by Plaintiff and Defendant, which changed over time, and Defendant approved and agreed to each and every financial expense during preproduction, production and part of postproduction.

b)      The delivery date of a viewing digital copy of the Picture was changed pursuant to ¶ 5 of the Contract and/or the Addendum thereto for reasons stated herein.

c)      Plaintiff delivered all necessary accounting receipts and/or information to Defendant for monies received during preproduction and part of the production, and at no time between February 24, 2007 and September 14, 2009, did Defendant mention any irregularities for the same.

d)      There has never been any agreement between Plaintiff and Defendant for Plaintiff to sell, assign, transfer and/or otherwise give up his intellectual property in exchange for a fee, or give up any creative control pursuant to ¶ 6 of the Contract.

e)      There is no contractual agreement between Plaintiff and Defendant that any footage could not be shot twice and Defendant approved and agreed to each and every expense, including additional scenes and shoot days for the Picture. Further, Plaintiff did provide a shot list each day for the necessary crew, but even if Plaintiff did not, this is also not a contractual obligation on Plaintiff's part.

f)      Plaintiff was solely responsible for hiring and firing crew and cast pursuant to ¶ 3 of the Contract, until Plaintiff permitted Defendant to allocate part of those responsibilities.

g)   Plaintiff cannot guarantee that the Picture will be sold, and there is no contractual obligation on Plaintiff's part to make such guarantee.

h)   Plaintiff never told Defendant that he was the best and/or fastest editor in World, but even if he did, this is a matter of opinion and completely immaterial.

80.   None of Defendant's reasons are material in any way, nor do any of them tantamount to a breach, material or not.

81.   In response to said e-mail, Plaintiff wrote another letter to Defendant on or about September 19, 2009, explaining why each and every reason was without merit and it would be in both parties interest to resolve this without court intervention.

82.   On or about September 21, Plaintiff another e-mail from Defendant stating that he has "nothing further to say" to Plaintiff.

83.   On the same day, September 21, Plaintiff wrote a final letter to Defendant setting forth the reasons why Defendant has no right to terminate Plaintiff.

84.   Plaintiff is informed and believes that Defendant has artistically and/or creatively changed, in whole or part, the Picture and/or Plaintiff's intellectual property, or hired person(s) to make said changes, including changing the title to "Decisions," reshoots with new actors without Plaintiff's permission and/or involvement.

85.   Plaintiff is informed and believes that Defendant has contracted with a distribution company without Plaintiff's permission and/or involvement.

86.   Plaintiff is informed and believes that Defendant intentions are to exclude Plaintiff from any distribution sale, license, assignment, transfer and/or purchase.

87.   Plaintiff has not sold, transferred, assigned and/or otherwise giving up any intellectual property to Defendant at any time for any of the Pictures, including the Picture, which is subject to these causes of action.

88.   Plaintiff has not sold, transferred, assigned and/or otherwise giving up any creative control pursuant to ¶ 6 of the Contract to Defendant at any time for any of the Pictures, including the Picture, which is subject to these causes of action.

89. As a result of the foregoing Plaintiff has no other remedy than to seek court intervention and request all relief sought herein and herewith to relieve, prevent and remedy any injury arising from the same.

90. Plaintiff has performed all necessary conditions precedent imposed on him under all contracts with Defendant, oral and/or written.

91. It has been more than thirty (30) days since Plaintiff's last attempt to resolve this matter.

## FIRST CAUSE OF ACTION – INJUNCTIVE RELIEF

92. That Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 91.

93. California Civil Code § 3368 authorizes a court to issue an injunction against a person to prevent such person from doing that which ought not to be done.

94. California Civil Code § 3422 authorizes a court to issue a permanent injunction against a person.

95. California Civil Code § 527 authorizes a court to issue a preliminary injunction against a person.

96. Without adequate remedy from the court, Plaintiff will be in serious risk of and/or irreparable harmed, and since Plaintiff is informed and believes that Defendant has contracted with a third party for distribution for the picture without fully disclosing the true ownership and/or rights to the Picture to such party, without an injunction, other parties may also be in serious risk of and/or irreparable harmed.

97. The claims alleged herein by Plaintiff, which includes the copy of the Contract attached hereto show that it is more than likely that Plaintiff will prevail on the merit of one or more of the causes of action, which involves Defendant's unauthorized acts harming Plaintiff.

98. Defendant has willfully and knowingly excluded Plaintiff from any sale/profit and/or potential sale/profit, and has and/or is trying to erase Plaintiff from all his duties and rights to the Picture and intellectual property, and as a result, Plaintiff suffers and/or will continue to suffer irreparable harm if Defendant continues to use, sell, assign, transfer or

otherwise alter and/or change Plaintiff's work without Plaintiff's involvement, permission and/or just compensation.

99.   Defendant is not authorized to use, change and/or alter Plaintiff's intellectual property and/or attempt to sell, assign, transfer and/or distribute the same without Plaintiff's involvement, permission and/or just compensation, and such acts by Defendant and/or his agent(s) puts Plaintiff in serious risk of harming Plaintiff's creative and/or business reputation by distorting facts to other persons of the instant case and/or the events during the making of the Picture, and prevents Plaintiff from publishing and/or distributing the Picture pursuant to the Contract that he has creative control over.

100.   Defendant was an investor on the Picture and the only right granted in the contract to Defendant was a percentage of any profit from the Picture if and when it sold commercially, in addition to recouping any monies initially invested.

101.   Plaintiff is informed and believes that Defendant intends to profit and/or is already profiting from Plaintiff's intellectual property without permission and compensation in breach of the written contract.

102.   The proper remedy to prevent further injury and harm to Plaintiff and to stop Defendant and/or his agent(s) from further contractual breaches is an immediate injunction against him issued by the court.

103.   As a result of the foregoing, Plaintiff is seeking immediate preliminary injunctive relief from any contractual breaches and thus enjoining Defendant and/or his agents from any further harm to Plaintiff, which includes any further effort to change, alter and/or sell, assign, transfer and/or distribute the Picture without Plaintiff's permission, involvement and/or just compensation.

104.   Based on the foregoing, Plaintiff seeks a permanent injunction against Defendant and/or his agent(s) from ever using any of Plaintiff's intellectual property, in part or in whole, without Plaintiff's permission.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

105.    Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 104.

106.    There exists a written executed Contract between Plaintiff and Defendant, which is alleged herein and evidenced by the copy of said Contract attached hereto and made part of this by reference.

107.    Plaintiff has performed all obligations under the Contract, and/or Defendant has excused any non-performance by Plaintiff through agreement; either oral, written or implied.

108.    Defendant has breached several parts of the written Contract listed in ¶¶ 109 through 113 herein and below.

109.    Defendant has failed, refused and/or neglected provide all financing in violation of ¶ 2 of the Contract for the Picture subject to these causes of action.

110.    Defendant has changed, altered and/or modified Plaintiff's intellectual property and/or hired person(s) to do the same without Plaintiff's permission and/or involvement in violation of ¶ 6 of the Contract.

111.    Defendant has hired person(s) for reshoots for the Picture without Plaintiff's permission and/or involvement in violation of ¶ 3 of the Contract.

112.    Defendant has either sold, assigned, transferred, distributed or plans to do the same without Plaintiff's permission and/or involvement in violation of ¶¶ 3 and 8 of the Contract for the Picture subject to these causes of action.

113.    As a result of Defendant's breaches, Plaintiff has been damaged.

114.    Defendant's breaches prevent Plaintiff from receiving any potential profit from any sale, assignment, transfer and/or distribution contract with a third party, and/or potentially prevents Plaintiff from benefiting from such a sale or distribution that would lead to additional work as a film maker, thus damaging Plaintiff.

115.    Defendant's breaches prevent Plaintiff from receiving any potential profit from any sale, assignment, transfer and/or distribution contract with a third party, which amount is to be determined by the court and/or jury.

116.   Defendant's breaches have damaged Plaintiff in actual monetary damages in the amount twenty-three thousand five hundred and eighty ($23,580.55) dollars and fifty-five cents that Plaintiff advanced during the production for the Picture and/or was promised to Plaintiff by Defendant to make the Picture viewer ready as described herein.

117.   There exists an oral contract between Plaintiff and Defendant, which took effect on or about February 25, 2008, where Defendant approved the budget quote for additional work on the Picture that Plaintiff submitted.

118.   Said oral contract provides that Defendant was to provide Plaintiff with fifteen ($15,000.00) thousand dollars over a period of three (3) months.

119.   Defendant paid Plaintiff one thousand two hundred ($1200.00) for expenses to commence the work completing the additional work necessary on or about March 4, 2008.

120.   Defendant breached said oral contract by failing, refusing and/or neglecting to pay Plaintiff the agreed upon remaining amount.

121.   As a result of Defendant's breach, Plaintiff has been damaged in the sum of thirteen thousand eight hundred ($13,800.00) dollars, which is outstanding due and owing.

122.   Plaintiff is seeking additional monetary damages for breaches of Contract for the claims herein, oral and/or written, in the amount of one hundred and fifty ($150,000.00) thousand dollars, or more, or whatever amount the court deems just and proper, including affirming the enforcement of Plaintiff's rights in the Contract and awarding Plaintiff the damages sought.

### THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT

123.   That Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 122.

124.   California Code of Civil Procedure §§1060 *et seq*, authorizes the court to issue a declaratory judgment of relief to a party seeking the same based upon a desire to declare his or her rights under a written instrument.

125.   There exists, and/or bound to exist by virtue of Plaintiff's claims herein, a controversy between Plaintiff and Defendant.

126.    The controversy is contractual in nature and it is unlikely that Plaintiff and Defendant will at any point before or during the instant case agree to the terms of the Contract subject to these causes of action.

127.    As a result, and since there is a substantial controversy that cannot be resolved by Plaintiff and Defendant, Plaintiff is seeking a declaratory judgment setting forth rights of each party in the Contract subject to these causes of action.

128.    Plaintiff has exhausted all administrative remedies prior to filing this suit with Defendant and that the controversy arise partly from Defendant's erroneous interpretation of the Contract in ¶¶ 129 through 136 herein and below.

129.    Plaintiff is informed and believes, and thereon alleges, that Defendant believes that he can terminate Plaintiff from the Contract.

130.    Plaintiff is informed and believes, and thereon alleges, that Defendant believes that he can use, sell, transfer, alter, distribute, license, change and/or otherwise use Plaintiff's intellectual property without Plaintiff's permission, involvement and/or just compensation.

131.    Plaintiff is informed and believes, and thereon alleges, that Defendant believes that Plaintiff has breached the Contract.

132.    Plaintiff is informed and believes, and thereon alleges, that Defendant believes that he can terminate Plaintiff's creative control over the Picture pursuant to ¶ 6 of the Contract.

133.    Plaintiff is informed and believes, and thereon alleges, that Defendant believes that he has purchased any intellectual property, in part or full, from Plaintiff.

134.    Plaintiff is informed and believes, and thereon alleges, that Defendant believes that he can take on Plaintiff's responsibilities as a producer of the Picture by hiring crew, cast and/or other person without Plaintiff's permission, consent and /or involvement.

135.    Plaintiff is informed and believes, and thereon alleges, that Defendant believes that the Picture went over budget.

136.    Plaintiff is informed and believes, and thereon alleges, that Defendant believes that ¶ 12 of the Contract provides that any material breach by either party results in such party giving up all rights and/or interest in the Picture.

137.   Plaintiff seeks declaratory relief and/or judicial determination on each of the following issues in ¶¶ 138 through 147 herein and below.

138.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that Defendant has no right to terminate Plaintiff under the Contract, including any of Plaintiff's ownership, rights or interest in the Picture.

139.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that Defendant has no right to use, sell, transfer, alter, distribute, license, change and/or otherwise do anything with Plaintiff's intellectual property without Plaintiff's permission, involvement and/or just compensation, acceptable to Plaintiff.

140.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that Plaintiff has not breached the Contract and that Plaintiff reserves all rights in the same, which Plaintiff can enforce at any time.

141.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that Defendant cannot terminate Plaintiff's creative control over the Picture pursuant to ¶ 6 of the Contract.

142.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that Defendant has not purchased and/or paid for any intellectual property, in part or full, from Plaintiff.

143.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that Defendant cannot take on Plaintiff's responsibilities as a producer of the Picture by hiring crew, cast and/or other persons without Plaintiff's permission, consent and /or involvement.

144.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that the Picture's budget was approved and agreed to by Defendant and set at a minimum sum of one hundred thousand ($100,000.00) dollars.

145.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that ¶ 12 of the Contract does not provide for any material breach by either party that would result in such party giving up their rights and/or interest in the Picture pursuant to the Contract or otherwise.

146.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that Plaintiff can seek out another investor to provide the necessary funds to complete the Picture, but that Defendant shall retain the rights to recoup the initial investment and/or percentage of profit from any sale of the Picture pursuant to ¶ 8 of the Contract.

147.   Plaintiff requests that the court issues relief in favor of Plaintiff declaring that Defendant is an investor in the Picture subject to these causes of action and that no other right is granted to Defendant other than to recoup his initial investment and/or receive a percentage of the profit as set forth in the Contract, if and when, the Picture is sold.

<u>FOURTH CAUSE OF ACTION – MONEY OWED</u>

148.   That Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 147.

149.   Defendant pursuant to ¶ 2 of the Contract is obligated to finance each of the pictures, including the Picture subject to these causes of action.

150.   Plaintiff has advanced his own monies for expenses during the making of the Picture, part of which were not reimbursed.

151.   As a result, there is now due and owing the sum of eight thousand five hundred and eighty ($8580.55) dollars and fifty-five cents that Defendant has failed, refused and/or neglected to reimburse Plaintiff in violation of ¶ 2 of the Contract.

152.   On or about February 25, 2008, Defendant promised to pay Plaintiff fifteen ($15,000.00) thousand dollars over a period of three (3) months to cover all expenses necessary to complete any postproduction not completed.

153.   Defendant only provided part of the agreed upon amount to Plaintiff, which was the sum of one thousand two hundred ($1200.00) on or about March 4, 2008.

154.   Defendant breached said oral contract by failing, refusing and/or neglecting to pay Plaintiff the agreed upon remaining amount.

155.   Payment is calculated at a six (6) days working week at two hundred and eight ($208.00) dollars per day.

156.   Based on the pay rate in ¶ 155 herein and above, ten (10) days at the foregoing rate equals the sum of two thousands and eighty-three ($2083.00), which is now due and owing to Plaintiff.

157.   Ten (10) days at the foregoing rate per day equals the sum of two thousands and eighty-three ($2083.00).

158.   There is now due and owing the sum of thirteen thousand eight hundred ($13,800.00) dollars by Defendant to Plaintiff.

### FIFTH CAUSE OF ACTION – COMMON LAW COPYRIGHT INFRINGEMENT

159.   That Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 158.

160.   Plaintiff created and wrote the screenplay/script for the Picture, subject to these causes of action, which is registered with the Writers Guild of America, west, Inc., on or about February 24, 2005.

161.   That said screenplay/script is protected under common law and/or the Federal Copyright Protection Act.

162.   Pursuant to 17 USC § 1330, Plaintiff invokes State common law copyright protection in an effort to consolidate and/or expedite the claims herein.

163.   Plaintiff is the sole creator and/or author of said Picture, and thus the sole intellectual property owner of the same.

164.   Defendant has no ownership whatsoever in any of Plaintiff's intellectual property of the Picture subject to these causes of action.

165.   There is no contract, written, oral, or implied, in existence, now or ever, that permits Defendant to use Plaintiff's intellectual property for the Picture, which is subject to these causes of action, without Plaintiff's permission.

166.   Plaintiff has never received compensation for his intellectual property, now or ever, or consented, permitted and/or agreed to sell, assign, transfer, and/or give up any interest or right in the same, expressly or otherwise.

167.  Plaintiff is informed and believes, and thereon alleges, that Defendant has taken Plaintiff's intellectual property and/or altered the same, or hired someone at the direction of Defendant to do the same without Plaintiff's permission and involvement.

168.  Plaintiff is informed and believes, and thereon alleges, that Defendant has either sold or plan to sell, transfer, assigned, licensed or otherwise given Plaintiff's work to a third party without Plaintiff's permission, involvement and/or just compensation.

169.  Plaintiff is informed and believes, and thereon alleges, that Defendant has either made a profit and/or plans to make a profit from Plaintiff's work without Plaintiff's permission, involvement and/or just compensation.

170.  As a result Plaintiff has been damaged in the amount exceeding one hundred thousand ($100,000.00) dollars, or more, to be determined by the court or jury, as it deems just and proper.

171.  In the event the court determines that Plaintiff must seek copyright infringement damages under Federal Copyright Law (17 USC), Plaintiff will dismiss this portion of the complaint without prejudice and/or seek leave to transfer and/or amend these causes of action to the appropriate Federal District Court of competent jurisdiction for the common law copyright infringement cause of action.

## TRIAL BY JURY RESERVED

172.  That Plaintiff incorporates herein by this reference the allegations contained in paragraphs 1 through 171.

173.  Plaintiff reserves the right to have each claim herein adjudicated by trial by jury.

## PRAYER AND RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, on each and every cause of action, claim and/or count, and/or that the court enjoins each of them as follows:

1.  That Plaintiff is awarded the sum of thirteen thousand eight hundred ($13,800.00) dollars for breach of oral contract and/or money owed;

2.   That Plaintiff is awarded the sum of the sum of eight thousand five hundred and eighty ($8580.55) dollars and fifty-five cents for breach of written contract and/or money owed;

3.   For actual damages and any other actual damages to be ascertained by the court or jury in the maximum amount of afforded under the Jurisdiction of this Court for breach of contract;

4.   For unliquidated damages that may be ascertained by the court or jury for each claim herein;

5.   For general damages to be decided by the court or jury for each claim herein;

6.   For special damages to be decided by the court or jury for each claim herein;

7.   For copyright infringement in the amount of one hundred thousand ($100,000.00) dollars, or more, to be determined by the court or jury, as it deems just and proper.

8.   For cost of this suit herein.

9.   For an Order of this Court enjoining Defendant, and each of them, and their agents, servants and employees, and all other persons acting there under, in and with Defendant from using any of Plaintiff's intellectual property without Plaintiff's permission and/or just compensation acceptable by Plaintiff.; and

10.  For such other relief as the court deems proper and demanded herein.

## VERIFICATION

I declare under penalty of perjury of the laws of the State of California that the foregoing statements are true and correct to the best of my knowledge.

Dated this second day of November 2009.

Respectfully submitted and signed
by Ken Duke.

## HEADS OF AGREEMENT

HEADS OF AGREEMENT made as of this 24th day of February 2007, by and between Ken Duke, 1342 North Highland Avenue, Suite # 1, Hollywood California 90028 (hereinafter "Duke") and Zenon Kesik, 1704 West Manchester Avenue, Suite 206 K, Los Angeles CA 90047 (hereinafter "Kesik").

The following Heads of Agreement shall be binding upon each party herein, Duke and Kesik, and made part of any subsequent terms and conditions mutually amended by both parties and attached hereto.

Duke and Kesik hereby agree to the following:

1.   A Worldwide Production agreement for the sole purpose of producing ten (10) Motion Pictures (hereinafter "Pictures").

2.   That Kesik's duties shall include all financing for each of the Pictures.

3.   That Duke's duties shall include all aspects of pre-production, production and postproduction, including, but not limited to hiring talent, crew, producers and any other creative and/or technical persons involved with each of the Pictures.

4.   That Duke shall be responsible for all pay outs to any talent, crew, producers and other creative and technical persons involved with any of the Pictures and shall deliver receipts of accounting of all finances to Kesik within one (1) month after completion of production, and within one (1) month of post production of each of the Pictures.

5.   That Duke shall be responsible for delivering each of the Pictures within the time schedule as both parties agree to.

6.   That Duke shall retain all creative control over each of the Pictures.

7.   That each Picture's budget shall be agreed upon by both parties, however, such budget shall not be less than One Hundred Thousand ($100,000.00) U.S. dollars, all of which Kesik shall recoup from any sale and/or licensing

agreement by any major distribution and/or motion picture company. That the initial budget includes only finances for preproduction, production and postproduction as Duke finds necessary to deliver each final Picture on some digital format for the sole purpose of viewing such Picture. The initial budget specifically excludes, but not limits any transfer to film, color correction, marketing, advertisement and distribution.

8.   That if any major distribution and/or sale is made for any of the Pictures by both parties any compensation received therefrom shall be distributed to Kesik and Duke as follows:

a)   Kesik shall be entitled to first fully recoup any initial investment and financing that he provided for such Picture;

b)   Any additional money after Kesik recoups any money from any compensation by any major distribution and/or sale of any of the Pictures, shall be distributed to Kesik and Duke as follows:

i)   Kesik shall receive and retain a sixty (60) percent share after Kesik has recouped the initial budget of each Picture;

ii)  Duke shall receive and retain a forty (40) percent share after Kesik has recouped the initial budget of each Picture.

9.   That no other obligations shall be binding upon either party unless specified herein, or in any subsequent amendment attached hereto.

10.  That an addendum should be drawn and attached for each Picture, naming such Picture, stating the specified budget and timeline for final delivery of such Picture.

11.  This will be a 10 project deal with terms that can be modified only by agreement by both parties.

12.  That each party can terminate the agreement if any material terms are breached.

13.  That California law governs this Heads of Agreement and any dispute arising thereof shall be litigated in California.

Date: 02-24-07

By:

Ken Duke

Date: 2/24/07

By:

Zenon Kesik

## ADDENDUM TO HEADS OF AGREEMENT

Addendum to Heads of Agreement made as of this 24th day of February 2007, by and between Ken Duke, 1342 North Highland Avenue, Suite # 1, Hollywood California 90028 (hereinafter "Duke") and Zenon Kesik, 1704 West Manchester Avenue, Suite 206 K, Los Angeles CA 90047 (hereinafter "Kesik").

This Addendum specifies the name of the first Picture as described in Heads of Agreement.

The name of the Picture is The Last Score.

The current budget as described in the Heads of Agreement is One Hundred and Two Thousand ($102,000.00) US Dollars.

Time is of essence and The final delivery of digital media for viewing of this Picture shall be on or before September 1, 2007, or as mutually agreed upon.


Date: 2/24/07

By: _____

Ken Duke


Date: 2/24/07

By: _____

Zenon Kesik

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

BC 4 2 5 1 4 0

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this for

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Pending | 19 | 311 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. David L. Minning | 61 | 632 | |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Edward A. Ferns | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | **Hon. Carl J. West*** | **311** | **CCW** | |
| Pending Assignment | 40 | 414 | | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk
                                                                                                              By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR)

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only)

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, neutral evaluation (NE) and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody)

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

# EXHIBIT "B"

**Ken Duke**
**1342 North Highland Avenue Suite 1**
**Hollywood, California 90028**


Zenon Kesik
3095 San Francisco Ave
Long Beach, CA 90806

November 2, 2009

    Re:  The Last Score — Motion Picture

**<u>NOTICE TO CEASE AND DESIST</u>**

Dear Zenon:


    Pursuant to 17 USC §§ 101 *et seq*, I am writing with respect to my ownership of the copyrighted work, entitled "The last Score," which I wrote, produced and directed.

    It has come to my attention that you or your agent(s) has changed, altered and/or modified said work, and/or that you or your agent(s) has sold, transferred, assigned, licensed and/or otherwise given the work, or plan to give the work, to a third party without my permission, expressed, or otherwise.

    This notice shall serve as a means to have you and/or your agent(s) cease the use of the work mentioned herein in part or full, or any other any way whatsoever, and that any further use of said work, shall constitute willful and knowing violations that are subject to maximum penalties under 17 USC §504(c)(2), which I fully intend to seek in a court of competent jurisdiction.


Sincerely,


Ken Duke

1

# EXHIBIT "C"

Ken Duke
1342 North Highland Avenue Suite 1
Hollywood, California 90028


Zenon Kesik
3095 San Francisco Ave
Long Beach, CA 90806

November 7, 2009

       Re:  Case Number BC425149

            **REQUEST FOR NAME OF ATTORNEY(S**

Dear Zenon:

        I am writing again, requesting that you furnish
with the name of your attorney(s).  I sent you an e-mail on
and about November 5, 2009, setting forth the reasons why I
believe it is not in my interest to discuss the matter over
the phone.  Therein, I again requested the name of your
attorney(s), if any, or if you intend to represent
yourself, to inform me of the same immediately.

        I have an important application I am about to file and
I need to know the proper location and/or person to serve.
If you know you have an attorney, please contact me by e-
mail with such information.  Your silence shall mean you
intend to represent yourself, and thus service shall
continue at your location.  However, should I find out you
are refusing to furnish me with the same, it will be a sign
of yet again your unwillingness to cooperate and/or resolve
this matter.

        It would be in your best interest to show the court
that you are willing to cooperate and to make this process
easier on both of us.  Failure to do so may reflect
negatively on you.

        Further, it is more than likely I will amend the
original complaint filed on and about November 2, 2009, to
exclude the Federal Copyright Claim, and subsequently file
it with the U.S. District Court in the central district of
California to pursue those claims, however, continuing the
other claims in the State court.

        Federal preemption does not preclude all copyright
claims pursuant the "extra element" test, such as a breach

                                                          1

of contract and/or other causes of action ordinarily adjudicated under State court jurisdiction. *See* <u>Kabehie v. Zoland</u>, 102 Cal. App. 4th 513, 522 (2002).

Furthermore, I believe it is your duty and I also urge you to contact and disclose to anyone who has any interest in the outcome of the instant case, such as any distributor, studio or otherwise, to prevent them from any potential risk and/or harm. Failure to do so may result in more actions being filed against you.

Again, if you have any questions, please have your attorney(s) contact me, or if you represent yourself, you may contact me by e-mail and/or in writing at the location provided herein and above.

Sincerely,


Ken Duke

2

# EXHIBIT "D"

Ken Duke
1342 North Highland Avenue Suite 1
Hollywood, California 90028

Fox Rothschild, LLP
1800 Century Park East Suite 300
Los Angeles, CA 90067
Attn: Stacy Riordan

November 11, 2009

Re:  Case Number BC425149

<u>**RESPONSE TO OFFER TO SETTLE**</u>

Dear Stacy Riordan:

I am writing in response to our conversation on November 11, 2009. I have given your offer some thought, and if I understand it correctly would require me to dismiss the case and await any profit from any potential sale of Mr. Kesik's new version of the film.

Unfortunately, it is <u>extremely</u> unlikely I will stipulate to such an offer for a number of reasons. The main reason is that I agreed not accept a salary during the making of the film, which is standard for a producer and/or director, so I could have the film made pursuant to my vision. Your proposed tolling agreement offer gives me no substantial creative benefits, and only monetary in nature, which has never been my motivation for making the film, notwithstanding what Mr. Kesik may believe.

There are only four (4) options that I would consider at this point, two (2) of which might have to involve the court. The two (2) without court intervention I explained during our conversation. The only four (4) options are as follows:

1. The original contract is enforced and I resume control over the project and Mr. Kesik finances, as agreed, the remainder of the budget that is required to have the film ready for film festivals and/or distribution screenings. This would not require Mr. Kesik to have any direct contact with me, and it can

1

be stipulated that a third party could act as a mediator and/or we could set up some sort of escrow account for the financing.

2. That Mr. Kesik pays to have me relinquish my rights pursuant to the contract and transfer all my ownership, including the copyrighted material filed and registered with the US Copyright office, or otherwise, to him. Further, this would retroactively modify and/or change the original agreement so that I would be paid rates for the work I performed, paid for any outstanding money owed and paid to have the ownership of the work transferred. If such a stipulation is made, Mr. Kesik can do whatever he wishes with the film and retain all profits, if any, from any potential sale.

3. Mr. Kesik will retain his rights to recoup any initial investment and right to the profit share pursuant to the contract, but I get a chance to find another investor to finance the remaining budget needed, so Mr. Kesik does not have to spend any more money.

4. The rights pursuant to the contract are decided by the court.

I do not foresee any other options I would consider at this point. Also, the longer the case goes on for and once I file the copyright claim in Federal Court it is less likely I will consider the above first two (2) options.

Last, please contact me immediately when you officially appear in the instant case so I may direct all future service of documents to the appropriate location.

Sincerely,

Ken Duke

CC:

Zenon Kesik
3095 San Francisco Ave
Long Beach, CA 90806

2

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1800 Century Park East, Suite 300, Los Angeles, California 90067-3005.

On November 12, 2009, I caused a true and correct copy of the following document(s) described as **DEFENDANT ZENON KESIK'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b) (FEDERAL QUESTION)** to be personally served on the interested party in this action addressed as follows:

Ken Duke
1342 North Highland Avenue, Apt.#1,
Hollywood, CA 90028

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2009, at Los Angeles, California.

_____
Robin Sanders

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV09- 8294 DDP  (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOV 12 2009

_____ Officer/Clerk
_____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ZENON KESIK, and
DOES 1 Through 105 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEN DUKE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es)* | CASE NUMBER: <br> *(Número del Caso)* <br> BC425149 |
|---|---|

STANLEY MOSK COURTHOUSE - WEST DISTRICT
110 North Grand Ave
LOS Angeles  CA  90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

KEN DUKE
1342 N. Highland Ave #1
Hollywood CA 90028

| DATE: *(Fecha)* | Clerk, by AMBER LAFLEUR-CLAYTON *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Zenon Kesik

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| Ken Duke<br>1342 N. Highland Ave., Apt. #1<br>Hollywood, CA 90028 | Zenon Kesik |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known)<br>Staci Riordan, Esq.<br>Fox Rothschild LLP<br>1800 Century Park East, Ste. 300, Los Angeles, CA 90067<br>310.598.4150 |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☐ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendant seeks to remove this action based on removal jurisdiction under 28 USC 1331 which is based on federal question jurisdiction under 28 USC 1441(b).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV09-8294**

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 12, 2009

  **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |