FILED

ZENON KESIK
3095 San Francisco Ave.
Long Beach, CA 90806
Zenonk1@verizon.net
(323) 908-3265

2011 MAR 11  PM 3: 13

U.S. DISTRICT COURT
CENTRAL DISTRICT
LOS ANGELES

In propria persona
ZENON KESIK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEN DUKE, | ) | CASE NO. CV-09-8294 DDP (JCx) |
| | ) | Judge: Hon. Dean D. Pregerson |
| Plaintiff | ) | |
| | ) | **DEFENDANT ZENON KESIK'S** |
| vs. | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN OPPOSITION TO** |
| ZENON KESIK, et al., | ) | **NOTICE OF APPLICATION AND EX** |
| | ) | **PARTE APPLICATION OF PLAINTIFF'S** |
| Defendants | ) | **REQUEST TO SHORTEN TIME TO** |
| | ) | **HEAR A MOTION FOR PRELIMINARY** |
| | ) | **INJUNCTION** |

Moving Party:      Plaintiff
Opposing Party:    Defendant

Date:        TBD
Time:        TBD
Dept:        3

Complaint Removed:    Nov. 12, 2009
Discovery Cut-Off:    Dec. 17, 2010
Motion Cut-Off:       Jan. 18, 2011
FSC Date:             May. 16, 2011
Trial Date:           May 24, 2011

///

///

///

DEFENDANT ZENON KESIK'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO NOTICE OF APPLICATION AND EX PARTE APPLICATION OF PLAINTIFF'S REQUEST TO
SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION              page 1

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Zenon Kesik hereby submits this Memorandum of Points and Authorities in opposition to the NOTICE OF APPLICATION AND EX PARTE APPLICATION OF PLAINTIFF'S REQUEST TO SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION. In sum, Plaintiff ignores — again, as he has repeatedly and consistently throughout this litigation — the FRCP, local rules, and the scheduling order of this Court in an apparent effort to prejudice Defendant unduly. There is no emergency, and there is no threat of imminent or irreparable injury. To the extent that Plaintiff believes he was entitled to an injunction or preliminary restraining order, this Court previously denied his request, *and Plaintiff has had more than 16 months since to attempt to demonstrate otherwise via a regularly noticed motion.* However, rather than abide by the requirements of due process, Plaintiff errs as follows:

— Plaintiff's application fails to abide by the requirements of L.R. 7-19;

— Although this Court has previously cautioned him against abuse of the ex parte procedure, Plaintiff files an ex parte application to file a motion for relief previously denied him (Kesik Decl., p.2, ¶2-4);

— Although this Court issued a Scheduling Order that set a motion cut-off of January 18, 2011, Plaintiff seeks to file a motion for substantive relief, *nearly two months after the motion cutoff,* regarding a matter that he clearly contemplated nearly 16 months ago (Kesik Decl., p.2, ¶5);

— Notwithstanding that the application is untimely, abusive and improper, Plaintiff seeks to shorten time when adequate time otherwise would exist to file and serve a regularly noticed motion (Kesik Decl., p.2, ¶6-7).

Further, and notwithstanding the above, there is no proposed motion attached to the ex parte application. Accordingly, *Plaintiff requests ex parte relief to file a motion that may not ever be filed.* Plaintiff has previously filed frivolous motions for Court action based on events he proposed to perform in the future where he has yet to perform the action for which he sought Court action. (Kesik Decl., p.2, ¶9)

1        Defendant respectfully requests that this Court deny Plaintiff's application and sustain the

2  objections lodged in Defendant's concurrently filed document entitled DEFENDANT ZENON

3  KESIK'S WRITTEN OBJECTIONS TO DECLARATION OF KEN DUKE IN SUPPORT OF

4  NOTICE OF APPLICATION AND EX PARTE APPLICATION OF PLAINTIFF'S REQUEST

5  TO SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION.

6  **I.**     **ARGUMENT**

7       **A.**     **PLAINTIFF'S APPLICATION FAILS TO ABIDE BY THE**

8            **REQUIREMENTS OF LOCAL RULE 7-19**

9        Local Rule 7-19 requires an applicant for ex parte relief to submit the following as part of

10  the application:

11        — a memorandum containing, if known, the name, address, telephone number and e-mail

12        address of counsel for the opposing party,

13        — the reasons for the seeking of an ex parte order, and

14        — points and authorities in support thereof.

15  L.R. 7-19. Plaintiff's application consists of a notice, containing inadmissible hearsay and

16  otherwise objectionable and inadmissible statements, and a declaration that repeats such

17  inadmissible and objectionable materials. It does not attach a memorandum "containing, if

18  known, the name, address, telephone number and e-mail address of counsel for the opposing

19  party," and it does not attach a memorandum of points and authorities. (Kesik Decl., p.2, ¶8 &

20  p.3, ¶10) As such, Plaintiff has failed to meet the basic procedural requirements for an ex parte

21  application for relief; Plaintiff has presented no legal authority for his application, and Defendant

22  is left merely to guess the legal bases upon which Plaintiff asserts a right to seek such

23  extraordinary relief. Plaintiff cannot sacrifice *defendant's* due process rights under the mantle of

24  *in pro se* ignorance: it is a complete denial of due process for Plaintiff to ignore mandatory

25  procedure under the excuse that he is representing himself. Clearly, Plaintiff's ample filings in

26  this matter demonstrate an understanding of procedure and law, even if they also demonstrate an

27  unwillingness to abide by such. Repeatedly, Plaintiff has made requests of this Court that, if

28

1  granted, would destroy the vary impartiality that due process requires. The implied request that

2  the Court overlook Plaintiff's failure to abide by law and motion requirements is offensive and

3  must be denied.

4  **B.     PLAINTIFF'S APPLICATION IS UNTIMELY**

5  Per this Court's Scheduling Order of July 21, 2010, the last date on which to file motions

6  was January 18, 2011. (Kesik Decl., p.2, ¶5) Plaintiff filed his ex parte application nearly *two*

7  *months after* the motion cutoff date. (Kesik Decl., p.2, ¶8) Accordingly the application is

8  untimely.

9  **C.     PLAINTIFF DOES NOT DEMONSTRATE IRREPARABLE INJURY IF**

10  **EX PARTE RELIEF IS NOT GRANTED, NOR THAT HE IS NOT THE**

11  **CAUSE OF HIS OWN CLAIMED EXIGENCY**

12  Plaintiff does not and cannot show that irreparable injury will result if his *ex parte*

13  application is not granted. Notwithstanding that Plaintiff's motion is untimely, *ex parte* papers to

14  shorten time must show the court (1) that the moving party's cause will be irreparably prejudiced

15  if the underlying motion is heard according to regular noticed motion procedures; and (2) that the

16  moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis

17  occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883

18  F. Supp 488, 492 (C.D. Cal 1995), aff'd, 103 F.3d 139 (9th Cir. 1996).

19  Plaintiff offers *no evidence at all* to support his mere conclusion that he will suffer

20  irreparable injury, let alone irreparable prejudice. Plaintiff's is seeking money damages; on its

21  face, a claim for money damages does not constitute a irreparable injury. Extraordinary relief is

22  not available where an adequate remedy at law exists. *See Northern Cal. Power Agency v. Grace*

23  *Geothermal Corp.*, 469 US 1306, 1306. Moreover — three times — Plaintiff has failed to

24  demonstrate to this Court any likelihood of success on the merits, as demonstrated in his initial

25  2009 application for a restraining order and in his two motions for partial summary judgment.

26  Further, and notwithstanding that there is no crisis, Plaintiff is the cause of his own

27  consternation: in the 16 months since Plaintiff's initial, failed attempt to obtain a restraining

28

1  order, Plaintiff has made no effort to notice a motion for such relief — *notwithstanding that I*

2  *clearly and explicitly informed Plaintiff and this Court in December 2009 that I intended to find*

3  *distribution for my film.* (Kesik Decl., p.3, ¶11)  To the extent Plaintiff claims that he failed to

4  seek relief sooner because Defendant agreed not to distribute the film *Decisions (2010)*, such a

5  claim is a flat-out falsehood: the only offer Defendant made was in November 2009 when

6  Defendant initially offered not to distribute the film *pending the filing and resolution of a*

7  *regularly noticed motion for a preliminary injunction.* (Kesik Decl., p.3, ¶12)  Plaintiff rejected

8  that offer and chose to file the ill-fated *ex parte* application for a preliminary injunction, which

9  this Court denied.  (Kesik Decl., p.3, ¶12)  At no time was there *ever* an agreement in place not

10  to distribute the film (which is why Plaintiff presents no evidence of any such agreement).  The

11  only statement I ever made about not distributing a film was the statement I made in my

12  December 14, 2009, clearly distinguishing *The Last Score* from my film *Decisions,* and assuring

13  Plaintiff and the Court that I would not distribute *The Last Score* although I explicitly stated that

14  I was seeking distribution for *Decisions (2010).* (Kesik Decl., p.3, ¶11-13)  Notwithstanding that

15  Plaintiff cannot establish the bases for a preliminary injunction, *he has been on notice of my*

16  *intention since December 2009.*  Even if Plaintiff were otherwise able to make an arguable

17  showing necessary for the present relief or for a preliminary injunction, he has delayed for an

18  unconscionably long period, seeking to spring this latest effort at due process denial at the most

19  financially damaging time he can.  Equity aids the vigilant and not those who slumber on their

20  rights. *See Kansas v. Colorado*, 514 US 673, 687 (1995); *Beaty v. Selinger*, 306 F.3d 914,

21  926–927 (9th Cir 2002).

22  **II.      CONCLUSION**

23        Plaintiff's application is defective, as it fails to abide by L.R. 7-19's procedural

24  requirements.

25        Plaintiff's application is untimely, as it occurs nearly two months beyond the Court-

26  ordered motion cutoff deadline.

27        Plaintiff's application makes no showing of irreparable prejudice.

28

1          Nearly 16 months ago, the Court has denied the relief Plaintiff now seeks permission to

2   apply for, again.

3          Plaintiff has done nothing in nearly 16 months to make an improved showing, on regular

4   notice, of any basis for the relief for which he seeks to apply.

5          Defendant respectfully requests that the Court deny Plaintiff's *ex parte* request.

6

7   Dated: March 11, 2011

                                    ZENON KESIK, Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

The undersigned declares as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

3095 San Francisco Avenue, Long Beach, CA 90806

On <u>3/11/2011</u>, I served the foregoing document described as follows:

DEFENDANT ZENON KESIK'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO NOTICE OF APPLICATION AND EX PARTE APPLICATION OF PLAINTIFF'S REQUEST TO SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION

on the following persons:

Ken Duke
1342 North Highland Avenue, Apt. #1
Hollywood, CA 90028

[ ] **BY FACSIMILE.** I transmitted the attached document via facsimile, after which the machine used to transmit the document produced a confirmation sheet indicating that the transmission successfully transmitted all pages of the document to the telephone number(s) listed next to the person(s) identified above and on the attached service list, if any.

[✔] As to each person I accomplished such service by placing a true and correct copy of the original in an envelope, sealing it and then addressing it to said person at the afore-mentioned address.

[✔] **BY MAIL.** I deposited such envelope(s) in the mail at <u>Long Beach</u>, California with necessary postage pre-paid thereon. Pursuant to Code of Civil Procedure §1013(b), the copy of the notice or other paper served by mail bears a notation of the date and place of mailing and is accompanied by an unsigned copy of this proof of service.

[ ] **BY PERSONAL SERVICE.** I delivered such envelope to the hands, home or office of the addressee.

I declare under penalty of perjury under the laws of the State of California and the Laws of the United States of America that the foregoing is true and correct and that it was executed on the above-noted date at Los Angeles, California.

P. Dunn

_____
Declarant