FILED

1  ZENON KESIK
   3095 San Francisco Ave.
2  Long Beach, CA 90806
   Zenonk1@verizon.net
3  (323) 908-3265

2011 MAR 11  PM 3: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CA.
LOS ANGELES

BY_____

4
   In propria persona
5  ZENON KESIK

6

7
                    UNITED STATES DISTRICT COURT
8
                  CENTRAL DISTRICT OF CALIFORNIA
9

10 KEN DUKE,                           ) CASE NO. CV-09-8294 DDP (JCx)
                                       ) Judge:  Hon. Dean D. Pregerson
11              Plaintiff              )
                                       ) **DEFENDANT ZENON KESIK'S**
12 vs.                                 ) **DECLARATION IN SUPPORT OF HIS**
                                       ) **MEMORANDUM OF POINTS AND**
13 ZENON KESIK, et al.,                ) **AUTHORITIES IN OPPOSITION TO THE**
                                       ) **NOTICE OF APPLICATION AND EX**
14              Defendants             ) **PARTE APPLICATION OF PLAINTIFF'S**
                                       ) **REQUEST TO SHORTEN TIME TO**
15 _____ ) **HEAR A MOTION FOR PRELIMINARY**
                                         **INJUNCTION**
16
                              Moving Party:      Plaintiff
17                            Opposing Party:    Defendant

18                            Date:       TBD
                              Time:       TBD
19                            Dept:       3

20
                              Complaint Removed:    Nov. 12, 2009
21                            Discovery Cut-Off:    Dec. 17, 2010
                              Motion Cut-Off:       Jan. 18, 2011
22                            FSC Date:             May. 16, 2011
                              Trial Date:           May 24, 2011
23

24      I, Zenon Kesik, declare as follows:

25      1.     I am a party to this action.  I have personal knowledge of the facts set forth herein

26 and could and would competently testify thereto.

27

28 **DEFENDANT ZENON KESIK'S DECLARATION IN SUPPORT OF HIS MEMORANDUM OF POINTS
   AND AUTHORITIES IN OPPOSITION TO THE NOTICE OF APPLICATION AND EX PARTE
   APPLICATION OF PLAINTIFF'S  REQUEST TO SHORTEN TIME TO HEAR A MOTION FOR
   PRELIMINARY INJUNCTION**                                            page 1

1    2.    On or about December 11, 2009, Plaintiff filed an Ex Parte Application for

2    Temporary Restraining Order and for Order to Show Cause re Preliminary Injunction. The

3    purpose of that application was to obtain a temporary restraining order pending hearing on the

4    request for a preliminary injunction preventing me from distributing my film *Decisions (2010)*.

5    3.    I opposed that ex parte application.

6    4.    On December 16, 2010, this Court issued an Order denying Plaintiff's ex parte

7    application for a Temporary Restraining Order because, *inter alia,* Plaintiff failed to make a

8    showing of irreparable injury or likelihood of success. Attached hereto as Exhibit A is a true and

9    correct copy of this Court's December 16, 2010, TRO Denial Order.

10    5.    On July 21, 2010, this Court issued a Scheduling Order that set various deadlines,

11    including a deadline of January 18, 2011, as the last date to file motions. Attached hereto as

12    Exhibit B is a true and correct copy of this Court's July 21, 2010, Scheduling Order

13    6.    On March 8, 2011, I received via email a letter bearing the signature of Ken Duke,

14    which I recognize from personal experience with well over 100 prior letters and documents from

15    him. In that letter, Mr. Duke informs me, *inter alia,* of his acquisition of knowledge of an April

16    15, 2011, distribution date for *Decisions (2010)*. Attached hereto as Exhibit C is a true and

17    correct copy of Mr. Duke's letter of March 8, 2011.

18    7.    There are 38 days between March 8, 2011, and April 15, 2011, which would

19    permit sufficient time for a regularly noticed motion — served by mail, even — were it not for

20    the fact that the last day for filing motions expired nearly two months prior.

21    8.    On March 10, 2011, I received Plaintiff's ex parte application via express mail. It

22    contained no proposed motion for a preliminary injunction, no memorandum of points and

23    authorities to support the application, and no memorandum containing, if known, the name,

24    address, telephone number and e-mail address of counsel for the opposing party.

25    9.    Plaintiff has previously filed frivolous motions for Court action based on events

26    he proposed to perform in the future where he has yet to perform the action for which he sought

27

28    **DEFENDANT ZENON KESIK'S DECLARATION IN SUPPORT OF HIS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE NOTICE OF APPLICATION AND EX PARTE APPLICATION OF PLAINTIFF'S REQUEST TO SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION                    page 2**

1  Court action. In particular, I note Plaintiff's December 17, 2010, Application for Order to File

2  Material under Seal and Directing Defendant to File Material under Seal, which sought an order

3  directing me to file a copy of the film *Decisions (2010)* with the Court in conjunction with some

4  unnamed application for relief that was never filed.

5        10.    Plaintiff's application consists of a notice, containing inadmissible hearsay and

6  otherwise objectionable and inadmissible statements, and a declaration that repeats such

7  inadmissible and objectionable materials, which I have noted in my accompanying Objections

8  document.

9        11.    To the extent Plaintiff claims that he failed to seek relief sooner because I

10  somehow agreed not to distribute the film *Decisions (2010)*, such a claim is a flat-out falsehood:

11        I previously notified Plaintiff on or about December 14, 2009 — under penalty of perjury

12  — *that I was getting ready to shop for distribution for "Decisions (2010)."*  Attached hereto as

13  Exhibit D is a true and correct copy of my declaration, filed with this Court, wherein I

14  specifically informed the Court and Plaintiff of my plans at ¶18 *nearly 16 months ago.*

15        12.    The only offer I made regarding *Decisions (2010)* was in November 2009 when I

16  initially offered not to distribute the film *pending the filing and resolution of a regularly noticed*

17  *motion for a preliminary injunction.*  Plaintiff rejected that offer and chose to file the ill-fated *ex*

18  *parte* application for a preliminary injunction, which this Court denied.

19        13.    At no time was there *ever* an agreement in place not to distribute *Decisions*

20  *(2010)*.  In fact, I specifically distinguished my intent to distribute *Decisions (2010)* from my

21  avowal not to distribute *The Last Score* at ¶¶ 19 – 21 of that declaration.  Accordingly, I made

22  both the Court and Plaintiff explicitly aware of what my intentions were as of December 2009.

23        I declare under penalty of perjury under the laws of the United States of America that the

24  foregoing is true and correct and that it was executed this March 11, 2011, at Los Angeles,

25  California.

26

27                                 ZENON KESIK, Declarant

28  **DEFENDANT ZENON KESIK'S DECLARATION IN SUPPORT OF HIS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE NOTICE OF APPLICATION AND EX PARTE APPLICATION OF PLAINTIFF'S REQUEST TO SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION**            **page 3**

# EXHIBIT A

1

2

3    O

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   KEN DUKE,                         )   Case No. CV 09-08294 DDP (JCx)
                                        )
12               Plaintiff,            )   **ORDER DENYING PLAINTIFF'S EX**
                                        )   **PARTE APPLICATION FOR TEMPORARY**
13        v.                           )   **RESTRAINING ORDER AND DENYING**
                                        )   **DEFENDANT'S REQUEST FOR**
14   ZENON KESIK,                      )   **ATTORNEY'S FEES**
                                        )   [Application filed on December
15               Defendant.            )   11, 2009]
                                        )

16        This matter comes before the Court on an Ex Parte Application

17   for Temporary Restraining Order ("TRO") filed by the plaintiff Ken

18   Duke ("Plaintiff"), appearing pro se.  Plaintiff, who authored a

19   script for a motion picture entitled <u>The Last Score</u>, alleges that

20   the defendant Zenon Kesik ("Defendant") has copied his copyrighted

21   work in a motion picture entitled <u>Decisions (2010)</u>, in violation of

22   the Copyright Act of 1976, 17 U.S.C. § 101 <u>et seq.</u> (<u>See</u> Compl.; Ex

23   Parte App., Duke Decl.)  Plaintiff seeks to enjoin Defendant "from

24   selling, distributing, changing, altering, modifying, publishing,

25   advertising, and/or misappropriating the Motion Picture titled, <u>The</u>

26   <u>Last Score</u>, AKA <u>Decisions (2010)</u>, or any other title the same may

27   be given, or directing any person(s) to do the same."  (Proposed

28   TRO 2:5-8.)  In his opposition to Plaintiff's ex parte application,

     Defendant requests an award of attorney's fees.

## I.   PLAINTIFF'S EX PARTE APPLICATION FOR TRO

Because a TRO is extraordinary relief, the Court must be satisfied that the procedural requirements of Rule 65(b), as well as the substantive legal standard, justifies its issuance. Pursuant to Federal Rule of Civil Procedure 65(b), a TRO may issue only if (1) specific facts in the affidavit or complaint show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard and (2) the movant certifies efforts made to give notice. Fed. R. Civ. P. 65(b)(1).  As a substantive matter, to establish entitlement to a preliminary injunctive relief such as a TRO, the requesting party must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

Plaintiff's ex parte application for a TRO is denied because he has failed to  demonstrate (1) that he will suffer immediate and irreparable injury and (2) that he is likely to succeed on the merits.

Prior to Plaintiff's filing of this Ex Parte Application, Defendant offered to stipulate not to enter into a distribution deal for Decisions (2010) until a regularly noticed motion for a preliminary injunction could be heard by the Court.  (Opp'n Ex. D, Riordan Decl. ¶ 9.)  In light of Defendant's offer to stipulate not to enter into a distribution deal, the Court is not convinced that Plaintiff will suffer immediate, irreparable injury should the ex parte application be denied.

2

1    In addition, in order to succeed on a copyright infringement
2  claim, Plaintiff must establish that Decisions (2010) is
3  substantially similar to Plaintiff's allegedly copyrighted work The
4  Last Score.  "The substantial-similarity test contains an extrinsic
5  and intrinsic component."  Funky Films, Inc. v. Time Warner Entm't
6  Co., L.P., 462 F.3d 1072, 1077 (9th Cir. 2006).  "The extrinsic
7  test focuses on articulable similarities between the plot, themes,
8  dialogue, mood, setting, pace, characters, and sequence of events
9  in the two works."  Id. (internal citation and quotation marks
10  omitted).  "In applying the extrinsic test [the Court] compares,
11  not the basic plot ideas for stories, but the actual concrete
12  elements that make up the total sequence of events and the
13  relationships between the major characters."  Id. (internal
14  citation and quotation marks omitted).  The only evidence Plaintiff
15  submits to establish substantial similarity consists of general
16  descriptions of both films, including a list of credits for acting,
17  directing, and writing, posted on the internet website
18  http://www.imdb.com.  Such hearsay statements are inadmissible and,
19  in any event, would not suffice to establish substantial similarity
20  between the two works.

21  **II.    DEFENDANT'S REQUEST FOR ATTORNEY'S FEES**

22    Defendant has requested an award of $6,200 in attorney's fees
23  for having to respond to an ex parte application filed without a
24  showing of good cause or irreparable harm.  (Opp'n 10:8-11.)  The
25  Court shares Defendant's concern that Plaintiff is abusing the ex
26  parte procedure rather than filing regularly noticed motions.
27  Indeed, this is the second occasion in the one month this case has
28  been pending before the Court that Plaintiff has filed an ex parte

3

1  application without good cause when a regularly noticed motion
2  would have sufficed.  (See Ex Parte Application to Remand, Dkt. No.
3  7.)

4      The Court declines to award attorney's fees at this time.
5  However, the Court admonishes Plaintiff that ex parte applications
6  are not to be filed merely because Plaintiff would appreciate
7  swifter resolution than the Federal Rules of Civil Procedure and
8  the Local Rules permit.  Filing an ex parte application as opposed
9  to a regularly noticed motion is only appropriate where there is
10 (1) a genuine urgency, such as immediate and irreparable injury;
11 (2) a danger that notice to an opposing party will result in
12 flight, destruction of evidence, or secretion of assets; or (3) a
13 need for the Court to act on routine, administrative matters, such
14 as altering time limits or permitting the filing of an over-long
15 brief.  See In re Intermagnetics America, Inc., 101 B. R. 191, 193-
16 94 (C.D. Cal. 1989).  The Court will not tolerate abuse of the ex
17 parte procedure and will not hesitate to sanction such abuse in the
18 future.

19 **III. CONCLUSION**

20     For the foregoing reasons, the Court DENIES Plaintiff's ex
21 parte application and DENIES Defendant's request for attorney's
22 fees.  Should Plaintiff wish to pursue injunctive relief, he may do
23 so by way of a regularly noticed motion.
24 IT IS SO ORDERED.
25
26
27 Dated: December 16, 2009
                                    DEAN D. PREGERSON
28                                  United States District Judge

4

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11 | KEN DUKE,                    ) Case No.
                                 )
12 |            Plaintiff,       ) CV 09-08294 DDP (JCx)
                                 )
13 |     v.                      ) **SCHEDULING ORDER**
                                 )
14 | ZENON KESIK,                )
                                 )
15 |            Defendant.       )
                                 )
16 |_____  )

17

18      Pursuant to the Federal Rules of Civil Procedure

19 | 16(b), the Court issues the following Order:

20      Counsel must agree on the date for the disclosure of expert

21 | witness reports pursuant to the Federal Rules of Civil Procedure

22 | 26(a)2.  The agreed-upon disclosure date must precede the discovery

23 | cut-off date such that all discovery, including expert depositions,

24 | must be completed prior to the discovery cut-off date.  All

25 | discovery motions must be heard prior to the discovery cut-off

26 | date.  Counsel are ordered to abide by the dates as set forth in

27 | the Rule 26 (f) Report.

28 | ///

1

    LAST DAY TO JOIN OTHER PARTIES
2   AND TO AMEND THE PLEADINGS 09-17-10

3   DISCOVERY CUT-OFF 12-17-10

4   LAST DAY TO FILE MOTIONS 01-18-11

5   FINAL PRE TRIAL CONFERENCE 03-28-11 at 11:00 a.m.

6   3 DAY JURY TRIAL 04-05-11 at 9:00 a.m.

7

8   Dated: July 21, 2010

                                    DEAN D. PREGERSON
9                                   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              2

# EXHIBIT C

**Ken Duke**
**1342 North Highland Avenue Suite 1**
**Hollywood, California 90028**


**Zenon Kesik**
3095 San Francisco Ave
Long Beach, CA 90806

VIA EMAIL

March 8, 2011

      Re:  Case Number CV-09-8294 DDP (JCx)

<u>**EX PARTE APPLICATION OR MOTION FOR AN ORDER TO SHOW CAUSE
RE: PRELIMINARY INJUNCTION**</u>

Dear Mr. Kesik:

     I am informed that despite our dispute currently in litigation involving copyright ownership, infringement, breach of contract etc, you have decided it would be a good idea to release said film in theaters on or about April 15, 2011, before trial set for on May 24, 2011.

     Although the requirement to meet and confer on any Ex Parte application and preliminary injunction is exempt pursuant to 7:3, I will still make an attempt to confer in an effort to avoid court intervention.

     Please take notice that I will immediately move for an order to show cause why an injunction should not be issued against you unless you stipulate that you will not release *Decisions* publicly until this case has been resolved.

     If you do not stipulate, I will have no other choice but to file said motion with the court and request sanctions for litigation waste and cost.  I hope that will not be necessary.  Please contact me immediately, as time is of essence, to inform me whether or not you will stipulate and/or oppose my application/motion.


Sincerely

Ken Duke

1

# EXHIBIT D

Case 2:09-cv-08294-DDP-JC Document 114 Filed 03/11/11 Page 15 of 18 Page ID
Case 2:09-cv-08294-D    -JC Document #2047 Filed 12/14/0. Page 1 of 27 Page ID
#:462

# DECLARATION OF ZENON KESIK

I, **Zenon Kesik**, declare as follows:

1.     I am a party to this action.  I have personal knowledge of the facts set forth herein and could and would competently testify thereto.  I submit this declaration in support of Defendant's Opposition to Plaintiff's Ex Parte Application for Plaintiff's Request for A Temporary Restraining Order.

2.     In or about February 2, 2007, I entered into a contract with Plaintiff, Ken Duke under which Plaintiff would work producing movies for me. Specifically, the contract envisioned that the parties would jointly select a picture, Plaintiff's duties included managing the pre-production, filming and post-production aspects of completing the picture and Defendant would pay for those services as well as the cost of production.  I would own the picture and then attempt to sell and/or distribute it.  If the picture was distributed and/or sold, Plaintiff would get 40% of the net profits, if any after I recouped my investment in the picture. Attached hereto as Exhibit "A" is a true and correct copy of this contract.

3.     Plaintiff and I selected the first picture, *The Last Score*, agreed that the budget would be one hundred and two thousand dollars ($102,000) and that the picture would be completed by September 1, 2007.  *The Last Score* picture was assigned to me in an amendment to the February 2, 2007 contract, signed and dated by both myself and plaintiff on February 24, 2007.  See Addendum to Exhibit A.

4.     On or about November 20, 2007, Plaintiff delivered *The Last Score* to me.

5.     Despite the agreed upon budget, Plaintiff spent over $360,000. Attached hereto as Exhibit "B" is a true and correct copy of a production expense report for *The Last Score*.

6.     I was disappointed with the quality of production of the film, the story line, the acting and the editing.

DEFENDANT ZENON KESIK'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A TRO AND FEES; DECLARATION OF STACI RIORDAN; DECLARATION OF ZENON KESIK; EXHIBITS

LA1 32519v1 12/12/09

Case 2:09-cv-08294-DDP -JC   Document 114   Filed 03/11/11   Page 16 of 18   Page ID
#:463
Case 2:09-cv-08294-D   -JC   Document 2048   Filed 12/14/0   Page 2 of 27   Page ID

7.   In entering into the agreement, I relied on Plaintiff's representations that Plaintiff was knowledgeable in the film business, had experience producing and directing films and was an expert editor.

8.   None of these representations were true and I felt cheated and betrayed.

9.   Despite my misgivings, I tried to give Plaintiff one final opportunity to create a distributable quality picture.

10.   I invested an additional $15,893.29.  Plaintiff, however, lacked the talent and skills required to produce a distributable picture.  *See,* Exhibit "B" attached hereto.

11.   In total, I spent $380,725.19 in trying to make *The Last Score* a distributable and/or saleable film.  *See,* Exhibit "B" attached hereto.

12.   Of this amount, over $50,000 was personal compensation paid to Plaintiff.  Attached hereto as Exhibit "C" is a true and correct copy of a report indicating payments made to Ken Duke for *The Last Score*.

13.   My last contact with Plaintiff over *The Last Score* was in or about March 2008.

14.   I decided to continue to pursue my dream of producing movies without Plaintiff.

15.   In or about July 2009, I commissioned another script, *Decisions* as a work for hire.

16.   For this work, I have applied for a copyright registration from the Untied States Copyright Office for that work, Copyright Application 1-278563821.  Attached hereto as Exhibit "D" is a true and correct copy of the internet page from the United States Copyright Office indicating my application.

17.   I have hired actors, production people and editors.

18.   He shot and edited the film, and even personally wrote the score for *Decisions*.  I am currently getting ready to shop for distribution for *Decisions*.

17

DEFENDANT ZENON KESIK'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A TRO AND FEES; DECLARATION OF STACI RIORDAN; DECLARATION OF ZENON KESIK; EXHIBITS

LA1 32519v1 12/12/09

Case 2:09-cv-08294-DDP -JC  Document 114  Filed 03/11/11  Page 17 of 18  Page ID
Case 2:09-cv-08294-D   -JC  Document#2069 Filed 12/14/0   Page 3 of 27  Page ID
#:464

DEC-14-2009 02:02 PM  ZENON KESIK                    323 908 3265         P.01

19.   Even though *The Last Score* was a work for hired paid for by me,
Plaintiff has complete copies to his final work.  No changes were made to that work
without Plaintiff's knowledge.

//

20.   I am not and will not attempt to distribute Plaintiff's *The Last Score*
due to the quality issues described above.

21.   I believe that *The Last Score* is amateurish and not commercially
viable.

I declare under penalty of perjury under the laws of the United States of
America, that the foregoing is true and correct.  Executed this *14th* day of December
2009 in Los Angeles, California.

ZENON KESIK

DEFENDANT ZENON KESIK'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A TRO
AND FEES; DECLARATION OF STACI RIORDAN; DECLARATION OF ZENON KESIK; EXHIBITS
LA1 32519v1 12/14/09

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

The undersigned declares as follows:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is as follows:

3095 San Francisco Avenue, Long Beach, CA 90806

On 3/11/2011_____, I served the foregoing document described as follows:

DEFENDANT ZENON KESIK'S DECLARATION IN SUPPORT OF HIS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE NOTICE OF APPLICATION AND EX PARTE APPLICATION OF PLAINTIFF'S REQUEST TO SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION

on the following persons:

Ken Duke
1342 North Highland Avenue, Apt. #1
Hollywood, CA 90028

[ ]    BY FACSIMILE.  I transmitted the attached document via facsimile, after which the machine used to transmit the document produced a confirmation sheet indicating that the transmission successfully transmitted all pages of the document to the telephone number(s) listed next to the person(s) identified above and on the attached service list, if any.

[✔]    As to each person I accomplished such service by placing a true and correct copy of the original in an envelope, sealing it and then addressing it to said person at the afore-mentioned address.

[✔]    BY MAIL.  I deposited such envelope(s) in the mail at Long Beach_____, California with necessary postage pre-paid thereon.  Pursuant to Code of Civil Procedure §1013(b), the copy of the notice or other paper served by mail bears a notation of the date and place of mailing and is accompanied by an unsigned copy of this proof of service.

[ ]    BY PERSONAL SERVICE.  I delivered such envelope to the hands, home or office of the addressee.

I declare under penalty of perjury under the laws of the State of California and the Laws of the United States of America that the foregoing is true and correct and that it was executed on the above-noted date at Los Angeles, California.

P. Dunn

_____
Declarant