FILED

2011 MAR 11 PM 3: 13

U.S. DISTRICT COURT
RAL DIST. OF
LOS ANGELES

BY

1  ZENON KESIK
   3095 San Francisco Ave.
2  Long Beach, CA 90806
   Zenonk1@verizon.net
3  (323) 908-3265

4

   In propria persona
5  ZENON KESIK

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10 KEN DUKE,                          )  CASE NO. CV-09-8294 DDP (JCx)
                                      )  Judge:  Hon. Dean D. Pregerson
11                    Plaintiff       )
                                      )  **DEFENDANT ZENON KESIK'S**
12 vs.                                )  **WRITTEN OBJECTIONS TO**
                                      )  **DECLARATION OF KEN DUKE IN**
13 ZENON KESIK, et al.,               )  **SUPPORT OF NOTICE OF**
                                      )  **APPLICATION AND EX PARTE**
14                    Defendants      )  **APPLICATION OF PLAINTIFF'S**
                                      )  **REQUEST TO SHORTEN TIME TO**
15 _____ )  **HEAR A MOTION FOR PRELIMINARY**
                                         **INJUNCTION**
16
                                         Moving Party:       Plaintiff
17                                       Opposing Party:     Defendant

18                                       Date:        TBD
                                         Time:        TBD
19                                       Dept:        3

20
                                         Complaint Removed:   Nov. 12, 2009
21                                       Discovery Cut-Off:   Dec. 17, 2010
                                         Motion Cut-Off:      Jan. 18, 2011
22                                       FSC Date:            May. 16, 2011
                                         Trial Date:          May 24, 2011
23

24 ///

25 ///

26 ///

27

28
_____
DEFENDANT ZENON KESIK'S WRITTEN OBJECTIONS TO DECLARATION OF KEN DUKE IN
SUPPORT OF NOTICE OF APPLICATION AND EX PARTE APPLICATION OF PLAINTIFF'S
REQUEST TO SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION    page 1

1    TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    Defendant Zenon Kesik hereby submits objections to Plaintiff Ken Duke's

3    evidence as follows:

4    Any evidence submitted to the Court must meet all requirements for admissibility of

5    evidence if offered at the time of trial. *Travelers Cas. & Sur. Co. of America v. Telstar Canst.*

6    *Co., Inc.*, (D. AZ 2003) 252 F. Supp. 2d 917,922; *FDIC v. New Hampshire Ins. Co.*, 953 F .2d

7    478, 484 (9th Cir. 1991 ) (declarations and other "evidence" of the moving party that would not

8    be admissible are subject to a timely objection and may be stricken); accord *Pfingston v. Roan*

9    *Engineering Co.* 284 F.3d 999, 1003 (9th Cir. 2002).

10    Accordingly, Kesik objects to the above-referenced DECLARATION OF KEN DUKE,

11    on the specific grounds, set forth below and requests that the following be stricken from the

12    record as follows:

13

| EVIDENCE | OBJECTION |
|---|---|
| **PARAGRAPH 1** <br><br> "I ... am not an attorney and I have to spend substantial time trying to learn the proper laws, court rules and procedures." | Irrelevant; argumentative. |
| "I have no intention of annoying or wasting the court's time, but I have been wronged and I want to protect my rights and interest in my work." | Calls for legal conclusion; irrelevant; argumentative; hearsay; Plaintiff's personal observations, conclusory beliefs and legal conclusions are irrelevant and unsupported by admissible evidence. |

| EVIDENCE | OBJECTION |
|---|---|
| **PARAGRAPH 2**<br><br>"I am the creator, author and writer for an original screenplay/script titled "The Last Score" (Hereinafter "original script") that I originally wrote over ten (10) years ago and Defendant has never disputed that I authored the original script." | Calls for legal conclusion; irrelevant; argumentative; hearsay; factually disputed; Plaintiff's personal observations, conclusory beliefs and legal conclusions are irrelevant and unsupported by admissible evidence. |
| "I am also the director and producer for a feature film titled The Last Score ... based on the original script." | Calls for legal conclusion; irrelevant; argumentative; hearsay; factually disputed; Plaintiff's personal observations, conclusory beliefs and legal conclusions are irrelevant and unsupported by admissible evidence. |
| "My copyright registration number is TXu001714370." | Calls for legal conclusion; irrelevant; argumentative; hearsay. |

| EVIDENCE | OBJECTION |
|---|---|
| **PARAGRAPH 3** | |
| "but I quickly learned that it is not what you know, but what you can prove." | Irrelevant; hearsay; argumentative; plagiarism and copyright infringement of the screenplay for "Training Day." |
| "the issue of evidence has dramatically changed in my favor since the court denied said application." | Calls for legal conclusion; irrelevant; hearsay; argumentative. |
| "I believe I have more than enough evidence to prevail on the issues, which includes admissions by Defendant." | Irrelevant; hearsay; argumentative. |
| **PARAGRAPH 4** | |
| "I did not move for injunctive relief earlier, because Defendant had promised not to enter into any distribution deal" | Hearsay; argumentative; lack of foundation; unsupported by admissible evidence. |
| "there has not been any sign of immediate danger of Defendant publicly releasing the motion picture at issue." | Calls for legal conclusion; hearsay; argumentative; lack of foundation; unsupported by admissible evidence. |

| EVIDENCE | OBJECTION |
|---|---|
| **PARAGRAPH 5**<br><br>"Defendant announced that he is releasing said picture in theaters across the United States on April 15, 2011" | Hearsay. |
| "A copy of the announcement by Defendant is herewith attached and incorporated by reference as EXHIBIT 'A.'" | Lack of authenticity under the penalty of perjury. |
| **PARAGRAPH 6**<br><br>"I am filing for summary judgment that I am scheduling for April 11, 2011, and I believe the issues in dispute are likely to be resolved at that time." | Calls for legal conclusion; irrelevant; argumentative; hearsay; Plaintiff's personal observations, conclusory beliefs and legal conclusions are irrelevant and unsupported by admissible evidence. |
| **PARAGRAPH 7**<br><br>"Plaintiff will file a motion for preliminary injunction on or before March 16, 2011, where I will show that Defendant has no right to release the Picture, and his conduct will severally harm me, as I am likely to prevail on the merits in the instant case." | Calls for legal conclusion; irrelevant; argumentative; hearsay; Plaintiff's personal observations, conclusory beliefs and legal conclusions are irrelevant and unsupported by admissible evidence. |
| "there is not enough time for me to prepare a motion, which takes substantial amount of time, and schedule a regular motion on the calendar." | Irrelevant; argumentative, factually inaccurate. |

| EVIDENCE | OBJECTION |
|---|---|
| **EXHIBITS A, B and** C | Hearsay; Lack of foundation; lack of personal knowledge; and lack of authenticity under penalty of perjury. |

Dated:  March 11, 2011

ZENON KESIK, Defendant

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

The undersigned declares as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:
3095 San Francisco Avenue, Long Beach, CA 90806

On __3/11/2011____, I served the foregoing document described as follows:

DEFENDANT ZENON KESIK'S WRITTEN OBJECTIONS TO DECLARATION OF KEN DUKE IN SUPPORT OF NOTICE OF APPLICATION AND EX PARTE APPLICATION OF PLAINTIFF'S REQUEST TO SHORTEN TIME TO HEAR A MOTION FOR PRELIMINARY INJUNCTION

on the following persons:

Ken Duke
1342 North Highland Avenue, Apt. #1
Hollywood, CA 90028

☐  BY FACSIMILE. I transmitted the attached document via facsimile, after which the machine used to transmit the document produced a confirmation sheet indicating that the transmission successfully transmitted all pages of the document to the telephone number(s) listed next to the person(s) identified above and on the attached service list, if any.

☑  As to each person I accomplished such service by placing a true and correct copy of the original in an envelope, sealing it and then addressing it to said person at the afore-mentioned address.

☑  BY MAIL. I deposited such envelope(s) in the mail at __Long Beach__, California with necessary postage pre-paid thereon. Pursuant to Code of Civil Procedure §1013(b), the copy of the notice or other paper served by mail bears a notation of the date and place of mailing and is accompanied by an unsigned copy of this proof of service.

☐  BY PERSONAL SERVICE. I delivered such envelope to the hands, home or office of the addressee.

I declare under penalty of perjury under the laws of the State of California and the Laws of the United States of America that the foregoing is true and correct and that it was executed on the above-noted date at Los Angeles, California.

P. Dunn

_____
Declarant